[Civ. No. 2956. Second Appellate District, Division One.—May 18, 1920.]

## M. J. BHUMGARA et al., Respondents, v. J. GAZVINI, Appellant.

[1] °CONVERSION — PLEADING — AMENDMENT AT TRIAL — ADDITION OF PARTY PLAINTIFF—ABSENCE OF PREJUDICE.—In an action to recover the value of certain goods, wares, and merchandise alleged to have been converted by the defendant to his own use, the defendant is not prejudiced by the action of the court in granting plaintiff leave at the trial to amend his complaint by adding another party plaintiff, where the defendant does not object to the amendment at the time and does not accept the court's offer to allow further time to answer, and, at his suggestion, it is stipulated by plaintiffs that if his defense is good against either one of the plaintiffs, it is good against both.

· [2] ID.—RECEIPT AND CONVERSION OF PROPERTY—EVIDENCE—FINDINGS. In this action to recover the value of certain goods, wares, and merchandise alleged to have been converted by the defendant to his own use, although some of the evidence was circumstantial, there was sufficient evidence to sustain the findings of the trial court as to the receipt of plaintiffs' goods by defendant and their alleged conversion.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Ibeson Sweet and W. D. Van Nostran for Appellant.

W. R. Law for Respondents.

JAMES, J.—Plaintiff M. J. Bhumgara sued to recover an amount of money alleged to be the value of certain goods, wares, and merchandise. The property is asserted to have been converted by the defendant to his own use. Judgment was in favor of plaintiff and defendant appeals therefrom. An appeal was also attempted to be taken from an order denying a motion for new trial, but under the code provision in force at the time that motion was made and ruled upon, no separate appeal was authorized to be taken from the order. (Code Civ. Proc., sec. 963.)

[1] At the trial the plaintiff asked and obtained leave to amend his complaint by adding the name of J. S. Bhumgara as party plaintiff. Appellant now claims that the granting of this permission was error. An examination of the record shows that appellant did not object to the amendment at the time. It is shown that the court offered to allow further time to answer, if appellant desired it, after the amendment adding the name of the party was made, but that appellant's counsel replied that he did not care for any time, and, at his suggestion, it was stipulated by respondent that "if the defense is good against either one it is good against both." We cannot perceive how in the slightest degree the appellant was prejudiced by the amendment.

[2] The only other claim is that the evidence was insufficient to sustain the findings of the court as to the receipt of plaintiffs' goods by defendant and their alleged con-

version. We have examined the transcript of the evidence with much care and, without entering into a detailed statement of the testimony, we consider that the evidence was sufficient to fully sustain the findings. Some of the evidence was circumstantial, but it was none the less competent and material. It was for the trial court to determine whether plaintiffs produced the preponderance of evidence, and its decision, in the presence of a conflict, is final as to the facts.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.